United States District Court
Southern District of Texas
**ENTERED**
March 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| E.J.C.F., *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00053 |
| | § | |
| ROBERT F. KENNEDY, JR., *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioners E.J.C.F. and M.A.C.F., siblings and minors from Honduras, were, at the time of filing this case, being detained as unaccompanied children at the Upbring Bokenkamp Children's Shelter in Corpus Christi, Texas. Represented by counsel, on February 10, 2026, Petitioners, through their Next Friend and sister Dulce Maria Carcamo Flores, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge their continued detention. (D.E. 1).

Pending is Respondents' Unopposed Motion to Dismiss filed on March 10, 2026, requesting this case be dismissed as moot because Petitioners "have been released from detention through the reunification process with their sister." (D.E. 20, Pages 1 and 3 and D.E. 21). The only relief sought in this matter was the Petitioners' challenge to their continued detention and request for reunification with their sister. Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). As

Petitioners are no longer in custody and are now in their sister's custody, their grounds for relief in this action are moot, their petition no longer presents a live controversy and this Court lacks jurisdiction to consider their claims. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.") Accordingly, it is respectfully recommended that Respondents' Motion to Dismiss be **GRANTED** and this case be **DISMISSED as moot**. (D.E. 20).

Respectfully submitted on March 16, 2026.

Jason B. Libby
United States Magistrate Judge

2 / 3

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).